**Sol KRAFT, Plaintiff,**

v.

**Lawrence FELDER, as Chairman, and Trustees of the Joint Plumbing Industry Board: John Murray, as President, and Officers of Local Union No. 2 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Defendants.**

**No. 77 Civ. 2410 (RWS).**

United States District Court, S. D. New York.

July 12, 1978.

Schoffman & Skovronsky, Brooklyn, N. Y. by Harold Skovronsky, Brooklyn, N. Y., of counsel, for plaintiff.

Doran, Colleran, O'Hara, Pollio & Dunne, P. C., New York City by Walter M. Colleran, New York City, of counsel, for defendants.

## OPINION

SWEET, District Judge.

The plaintiff's motion for summary judgment and the defendants' opposition present no factual issues in the view of both court and counsel.

The plaintiff seeks a declaration of entitlement to pension rights and a money judgment for pension benefits. Plaintiff's application is resisted by the defendants on the ground that plaintiff fails to qualify for the benefits he seeks under the plan governing the pension fund because of a break in service which deprived plaintiff of the fifteen years continuous employment by a participating employer required under the plan prior to entitlement to retirement benefits.

The plaintiff is a life-long plumber, born in 1913, who has worked at that occupation continuously until 1974, when he became disabled as a result of rheumatoid arthritis. Since 1950, his employers were contributing to the pension fund established by the Plumbing Industry Board in that year, except for a three year period from 1962 to 1965 when the plaintiff was employed by the Board of Education of the City of New York.[1] The defendants are the present chairman and trustees of the pension fund and the officers of plaintiff's union local.

The jurisdiction of this court rests upon 29 U.S.C. §§ 186(e) and 1132(f) and 28 U.S.C. § 1331.

The Trustees of the Plumbing Industry Board in 1966 amended its pension plan to provide the continuous fifteen years service requirement which defendants now assert should defeat plaintiff's claim by reason of plaintiff's three year hiatus. The plaintiff became aware of the amendment in 1972. This requirement of the plan and its effect on plumbers have been the subjects of prior litigation in which skilled counsel for both parties have participated. This court is the beneficiary of the resolution of that litigation. *Mitzner v. Jarcho*, 44 N.Y.2d 39, 403 N.Y.S.2d 490, 374 N.E.2d 388 (1978).

Both state and federal authorities agree that the fifteen year continuous service requirement is valid on its face and adopted for a proper purpose,[2] but that it is the duty of the courts to determine whether the requirement is arbitrary and unreasonable as to a particular employee. *Mitzner v. Jarcho, supra, Wilson v. Board of Trus-*

---

1. It is not controverted that plaintiff worked over 3,500 days of employment with contributing employers during this twenty-four year period. The present terms of the pension fund which are the subject of this litigation provide that an individual is eligible for pension benefits at the age of sixty-five upon a showing that he had fifteen years consecutive employment with a contributing employer immediately preceding his pension application and that he had worked a total of 1,250 days with a contributing employer. Thus, had plaintiff worked with a contributing employer during the years 1962 to 1965, his *prima facie* eligibility for benefits under the pension plan would have been established.

2. Accordingly, plaintiff's attack on the fifteen year continuous service requirement as arbitrary and capricious on its face and therefore

*tees*, 564 F.2d 1299 (9th Cir., 1977). Under the particular circumstances of this case and as applied to this plaintiff, the fifteen years continuous service requirement is arbitrary and unreasonable.

■ The break in service occurred from 1962 to 1965 and according to plaintiff resulted from a plea from city and union officials to plumbers to work for the City on its schools. While not bound by this action, which was not shown to be authorized by or participated in by defendants or their predecessors, the defendants have not been reasonable in the application of the fifteen years service requirement as it affected this plaintiff under these circumstances. The arbitrary nature of their decision is heightened by the fact that the requirement was adopted after the break in service occurred and plaintiff therefore could not have taken its effect into consideration at the time of his decision to assist this City. Further, the defendants have made no showing that the fund is, or was at the time of the adoption of the requirement, in financial distress or that sound actuarial practice would require the refusal to grant the rights claimed by the plaintiff.

Finally, the plaintiff had completed more than one half of his required service, after the amendment, when he was disabled. By that disability, plaintiff was involuntarily denied the opportunity to complete the requisites for eligibility under the pension plan. Other courts have condemned as arbitrary and capricious "denials of pension benefits to employees who were prevented through no fault of their own from satisfying some final requirement for pension eligibility, after substantial contributions to a pension fund had been made on their behalf." *Norton v. I. A. M. National Pension Fund*, 180 U.S.App.D.C. 176, 183, 553 F.2d 1352, 1359 (1977). This same rationale makes denial of pension benefits to this individual arbitrary and capricious.[3]

Partial summary judgment is granted.

Settle order on notice.

SO ORDERED.

---

invalid is without merit. *See Burroughs v. Board of Trustees of Pension Trust Fund*, 542 F.2d 1128, 1131 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *Mosley v. National Maritime Union Pension & Welfare Plan*, 438 F.Supp. 413, 422, n.8 (E.D.N.Y.1977).

**3.** In the recent decision in *Mosley, supra*, the court held in another context that, in the absence of economic limitations of the pension fund, the failure of a pension fund to recognize substantial contributory employment of an individual whose application for pension benefits was denied by fund trustees, even though the individual does not meet all the qualifications for an existing pension fund, is arbitrary and capricious in violation of Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. Section 186(c)(5). 438 F.Supp. at 425. The court went on to state:

"A pension fund may be legitimately concerned over payments to workers whose work has not contributed to the fund; but it must be equally concerned that an employee's substantial contributory service, *i. e.*, over five years, generate some pension benefits for that employee."

*Id.* Although *Mosley* dealt with the application for benefits under an early retirement provision of the pension plan, and not, as here, with an application for full benefits following retirement at age sixty-five, the holding that a pension fund must recognize the substantial pension fund contributions made by an employee covered by that fund is not inapposite. Plaintiff's record of 3,500 days of covered employment should receive recognition by the defendants, especially in light of plaintiff's involuntary failure to meet the fifteen year continuous service rule.