**212**

Shirley HAAS, Individually and as Executrix under the Last Will and Testament of Daniel Haas, Deceased, Plaintiff,

v.

MANUFACTURERS HANOVER TRUST CO., as Trustees of the Pension Fund of Lane Bryant, Inc., Defendant.

No. 78 Civ. 4915.

United States District Court, S. D. New York.

July 2, 1979.

Samuel W. Sherman, New York City, for plaintiff.

D'Amato & Lynch, New York City, for defendant.

LASKER, District Judge.

Shirley Haas, the widow and executrix of Daniel Haas, commenced this action to recover benefits allegedly due her under her husband's employer's pension plan. The defendant moves for summary judgment dismissing the complaint, and Ms. Haas cross-moves for summary judgment awarding her the relief requested in her complaint.

In 1942, Lane Bryant, Inc. established a pension plan for its employees. In 1975, pursuant to the terms of the plan then in effect, Daniel Haas, who was scheduled to retire on January 31, 1976, elected to receive a reduced lifetime pension in return for a guarantee that he would receive at least an actuarily determined sum of $66,476.50. In the event he died after retiring but before receiving this sum, the remainder was to be paid to his wife.

However, Haas died on November 17, 1975, before he retired from Lane Bryant. At the time, Article XII of the pension plan provided:

"No benefits of the pension plan shall be available to any employee or to any designated beneficiary . . ., in case of termination of service or death of such employee before the employee has retired."

Accordingly, when Haas' widow sought to collect from the pension plan, the Trustees of the plan refused payment.[1]

---

1. Since Haas was a full-time employee of Lane Bryant at the time he died, he was covered by the company's group term life insurance. Ms. Haas received $106,249.50 under the company's policy.

Ms. Haas sued the Trustees in New York Supreme Court, alleging, *inter alia*, that section 203(a)(3)(A) of the Employee Retirement Income Security Act of 1974 (ERISA) applied to Lane Bryant's pension plan at the time her husband died. Section 203(a)(3)(A) provides:

> "A right to an accrued benefit derived from employer contributions shall not be treated as forfeitable solely because the plan provides that it is not payable if the participant dies . . . ."

29 U.S.C. § 1053(a)(3)(A). Under this provision of ERISA, Ms. Haas argued, Article XII of the pension plan was void, and accordingly she was entitled to receive benefits under the plan. Justice Brownstein held that:

> "The plaintiff's second cause, which relies on the Employment Retirement Income Security Act of 1974 ['ERISA'], does not state a cause of action, since 'ERISA' is not applicable to the 'Plan.' U.S.C.A. Title 29, section 1061[b][2], provides that where a plan was in existence on January 1, 1974, as was the case with the Lane Bryant Plan, the application of 'ERISA' is deferred to 'Plan' years beginning after December 31, 1975. (Lane Bryant's 'ERISA' Plan year began February 1, 1976.) As plaintiff's decedent had died on November 17, 1975, before retirement and before 'ERISA' became applicable, his beneficiary acquired no vested right to accrued benefits."

*Haas v. Malsin*, No. 18478/76, slip op. at 3–4 (Sup.Ct. Kings Co. January 26, 1977) (The Appellate Division, Second Department affirmed Justice Brownstein's decision, and leave to appeal to the New York Court of Appeals was denied).

It is undisputed that Justice Brownstein's hold is *res judicata* here. However, as required under ERISA, Lane Bryant amended its pension plan effective February 1, 1975, to conform with the Act. Ms. Haas subsequently commenced this action in federal court, contending that by amending its plan to conform to ERISA, Lane Bryant caused the provisions of ERISA to become effective with regard to its plan for periods prior to February 1, 1976. (She also asserts that subsequent amendments are retroactively effective to periods prior to February 1, 1976, and seeks increased benefits based on such amendments.) Thus, Ms. Haas argues, by amending its plan Lane Bryant made the provisions of ERISA retroactively applicable at the time her husband died, rendering Article XII of the pre-amended plan void, and thereby breathing life into her claim for pension benefits under the plan.

Article I of Lane Bryant's amended plan expressly provides that the amended plan became effective February 1, 1976, and that:

> "The provisions of this [amended] Plan shall apply only to a Participant who terminates employment or retires on or after the Effective Date. The rights and benefits, if any, of a former participant shall be determined in accordance with the prior provisions of the Plan in effect on the date his employment terminated or he retired."

Clearly Lane Bryant did not intend its amended plan to have retroactive effect. In support of her argument that because the plan was amended ERISA applies to it retroactively, Ms. Haas cites various provisions of ERISA, to wit, 29 U.S.C. §§ 1002(6), 1053(a)(2)(A), 1053(a)(3), 1053(c)(1)(A), 1053 (c)(1)(B), 1082(c)(8). However, a reading of the cited provisions suggests no conceivable argument in support of the plaintiff's position. Nothing suggests that Congress intended that ERISA's provisions were to become retroactively effective as soon as a pension plan was amended to conform to ERISA's requirements.

For the reasons stated, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment dismissing this action is granted.

It is so ordered.