**James L. THOMSON, Plaintiff-Appellant,**

v.

**I.A.M. NATIONAL PENSION FUND et al., Defendant-Appellee.**

No. 79–1890.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1980.

Decided Feb. 22, 1980.

---

W. Loren Thomson, Bloomington, Ill., for plaintiff-appellant.

Dwight H. O'Keefe III, Springfield, Ill., for defendant-appellee.

Before SWYGERT, PELL and TONE, Circuit Judges.

PER CURIAM.

The issue in this case is whether the defendant pension fund and trustees have improperly conditioned payment of a retiree's pension benefits upon his refraining from accepting employment of certain kinds while receiving benefits. We conclude that impermissible conditions have been imposed in addition to one found by the district court and therefore remand for further proceedings.

Plaintiff became entitled to retirement benefits under the I.A.M. National Pension Fund, Plan A, a multi-employer plan national in scope, on January 1, 1976. He was informed by the trustees of the plan that before receiving his benefits he must sign a

"Retirement Declaration," which requires, *inter alia*, that he refrain from the following:

\* 1. Employment with any employer who contributes to the Pension Fund.

or

\* 2. Employment with any employer in the same or related business as any employer who contributes to the Pension Fund.

or

\* 3. Self-employment in the same or related business as any employer who contributes to the Pension Fund.

or

\* 4. Employment or self-employment in any business which is or may be under the jurisdiction of a Lodge of the I.A.M.
  \* There shall be no limit to the geographical area covered.

The declaration also provides,

I understand that if I perform any work in violation of the foregoing, I may be disqualified, at the sole discretion of the Trustees, for receiving or being entitled to any future benefits from the Pension Plan.

I shall accept no employment without the prior written approval of the Trustees.

Defendants concede that the foregoing restrictions on employment are substantially the same as those stated in the plan itself. The plan provides also that the trustees may require the retiree to furnish information and proof required for administration of the plan.

Plaintiff refused to sign the declaration and brought this declaratory judgment action in a state court alleging that refusal to pay benefits was in breach of the trustees'

contractual and fiduciary duties, and that the restrictions against employment in the declaration and the similar restrictions in the plan itself were in unreasonable restraint of trade and were unlawful on other grounds also. Defendants removed the case to the federal court, invoking 29 U.S.C. §§ 185(a) & 301 and 28 U.S.C. § 1441(b).

The district court held the declaration permissible under the terms of the plan, except for the provision requiring the retired person to obtain the consent of the pension trustees before accepting any employment. The court also held that the employment restrictions were not in unreasonable restraint of trade, and ruled on other contentions that are no longer asserted. Defendants were ordered to pay plaintiff his pension, retroactive to the date of his retirement, contingent upon his signing a new retirement declaration without the offensive sentence regarding prior approval of the trustees of any employment plaintiff may undertake, and upon plaintiff's compliance with all other provisions of the plan.

After entry of the judgment, plaintiff moved to amend the complaint to allege "[t]hat the Order [sic] violates" 29 U.S.C. § 1053. The court allowed the amendment but held that the plan did not violate ERISA and therefore adhered to its prior decision.

The parties agree that the plan and the declaration are subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* All plaintiff now asks is that the plan and declaration comply with ERISA,[1] and defendants concede that such compliance is imperative. The relevant provision of that statute is 29 U.S.C. § 1053(a)(3)(B), which provides in pertinent part as follows:

A right to an accrued benefit derived from employer contributions shall not be

---

1. At first plaintiff argued orally that the plan failed to comply with state law because it was not reasonably limited as to place or duration, a contention we understand to have been later withdrawn in favor of the argument that ERISA controlled. In any event, even if state law were applicable, retirement commitments of the kind before us are held by "the strong weight of authority" to be reasonable even though not restricted in time or geography. *See Rochester Corp. v. Rochester*, 450 F.2d 118, 122–23 (4th Cir. 1971). There appears to be no Illinois case on the point, but we believe Illinois would follow the majority view. *Cf. Van Pelt v. Berefco, Inc*, 60 Ill.App.2d 415, 208 N.E.2d 858, 865 (1965) (applying Massachusetts law).

treated as forfeitable solely because the plan provides that the payment of benefits is suspended for such period as the employee is employed, subsequent to the commencement of payment of such benefits—

. . . . .

(ii) in the case of a multiemployer plan, in the same industry, in the same trade or craft, and the same geographic area covered by the plan, as when such benefits commenced.

The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this subparagraph, including regulations with respect to the meaning of term "employed."

Regulations have been proposed but not yet adopted.

■■■ The restrictions on pensioner employment in the plan and in the retirement declaration at bar were drafted before the adoption of ERISA. Apparently, although this is not entirely clear, the plan has been amended in an effort to conform to ERISA, but the declaration form has not. To the extent that the plan or the declaration purports to impose limitations on a retiree's employment that are not expressly permitted by § 1053(a)(3)(B), they are unlawful. The declaration violates § 1053(a)(3)(B) in respects other than the requirement of prior approval of the trustees before the retiree can accept employment. The non-geographical statutory requirements are that the restrictions be limited to employment "in the same industry, [and] in the same trade or craft." The declaration goes much further by prohibiting (a) employment with any employer who contributes to the fund, (b) employment with any employer in the same or related business as any employer who contributes· to the fund, (c) self-employment in such a business, and (d) employment or self-employment in any business which is or may be under the jurisdiction of a lodge of the I.A.M.

The geographical area covered by the plan is conceded to be the entire United States. Accordingly, insofar as the plan and the declaration extend restrictions oth-erwise permissible under ERISA to the entire United States, they do not violate the geographical area limitation of ERISA.

It is permissible for the trustees to require an applicant retiree to furnish, by way of a retirement declaration, information and proof necessary for the administration of any lawful employment restrictions the plan may impose. It is appropriate to include in the declarations a warning informing the retiree of these restrictions. Like the plan itself, however, the declaration must conform with § 1053(a)(3)(B).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.