**Alex SWACKARD, Plaintiff-Appellee,**

**v.**

**COMMISSION HOUSE DRIVERS UNION LOCAL NO. 400, Trustees of the Commission House Drivers Union Local No. 400 Pension Trust, Defendants-Appellants.**

No. 79-3722.

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1981.

Decided May 11, 1981.

Rehearing and Rehearing En Banc Denied
June 22, 1981.

Rudolph J. Geraci, Geraci & LaPerna Co., Cleveland, Ohio, for defendants-appellants.

Fred D. Shapiro, Shapiro, Turoff & Gisser, Alan S. Belkin, Cleveland, Ohio, for plaintiff-appellee.

Before ENGEL, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

**PER CURIAM.**

This case poses the question of whether Alex Swackard is eligible to receive disability benefits from the Pension Trust of the Commission House Drivers Union Local No. 400. Swackard was employed by a participating employer from 1953 to 1962 and from 1965 to 1975. He claims that sometime prior to August of 1976 he became totally disabled. His application for disability benefits was denied. The co-administrator of the Pension Trust notified Swackard that he was ineligible for consideration because although he had nineteen years of credited service, he did not have the fifteen consecutive years of service required for eligibility. Swackard then filed this action pursuant to both the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* The District Court entered judgment for Swackard, declaring that he was eligible for consideration for disability benefits. The court also granted Swackard attorney's fees.

The Union's pension plan contains the following definition in paragraph eleven: " 'Service' means continuous employment with one or more Employers who satisfy the requirements for eligibility and agree to be bound by the Agreement and Declaration of Trust." In March, 1964, the Union added a disability benefit program to the regular pension plan. The eligibility provision stated: "A Participant who has both attained his fiftieth birthday and completed at least fifteen years of Credited Service, and who is deemed to have incurred a Total and Permanent Disability, shall be eligible for a Disability Benefit . . . ."

The District Court held that the definition of "Service" in paragraph eleven did not apply to the disability benefit provisions which were later added to the plan. In so doing, the court referred to the minutes of the August 12, 1976 meeting of the plan's trustees at which Swackard's eligibility was discussed. Those minutes stated: "The Administrators advised the Board that several other questions had recently been raised regarding interpretations of certain points

of the Pension Plan rules. . . . (2) In the case of eligibility for a disability pension, there is a requirement for fifteen years of service, but the Plan is silent as to whether or not those fifteen years must be consecutive." The court concluded from this that the Trustees determined that the plan was silent on the question of whether the fifteen years of service had to be consecutive. It reasoned that by denying Swackard's application, the trustees effectively inserted a new rule into the plan, and by doing so retroactively deprived Swackard of a vested right in violation of ERISA.

We agree. In light of the trustees' conclusion that the plan was silent as to the necessity of fifteen consecutive years of employment, their denial of benefits in this case amounts to a retroactive application of a "break in service" rule. *See Burroughs v. Board of Trustees,* 542 F.2d 1128 (9th Cir. 1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). *See also Hodgins v. Central States Southeast and Southwest Areas Pension Fund,* 624 F.2d 760 (6th Cir. 1980).

The judgment of the District Court is affirmed. No additional fees are awarded.