**Ronald C. DENNIS and Donna L. Dennis, his wife, Plaintiffs,**

v.

**BOARD OF TRUSTEES OF the FOOD EMPLOYERS LABOR RELATIONS ASSN. AND UNITED FOOD AND COMMERCIAL WORKERS UNION PENSION FUND, Defendant.**

**Civ. A. No. 85–0198.**

United States District Court,
M.D. Pennsylvania.

Oct. 25, 1985.

W. William Anderson, Menges, Dorion & Snyder, York, Pa., for plaintiffs.

Joseph Semo, Fredrick M. Marx, Seifman, Semo, Slevin & Marcus P.C., Washington, D.C., William J. Flannery, Morgan, Lewis & Bockius, Harrisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

The parties have filed cross motions for summary judgment. The plaintiffs, Ronald C. Dennis (Dennis) and his wife, Donna L. Dennis, allege in their complaint that the defendant Board of Trustees unlawfully suspended Dennis's pension benefits in violation of the pension plan. Defendant asserts that the suspension was in compliance with the agreement and a proper exercise of its discretion.

### II. *Background.*

Plaintiff Dennis was an employee of Acme in York, Pennsylvania, for thirty-one and a half years. (Complaint, ¶ 6). When Acme withdrew from the supermarket business in that area, he was forced out of his employment in June of 1982. (Complaint, ¶ 7; Counterclaim, ¶ 3). He subsequently found employment with Pantry Fresh, a food store in Camp Hill, Pennsylvania, in January of 1983. Because he was ostensibly eligible for a pension following thirty years of Acme employment, he also decided to apply for pension benefits in July of 1983. Prior to the termination of his employment, Dennis had received a copy of the Summary Plan Description. It contained the following suspension of benefits rule which plaintiffs deny being aware of at the time Dennis applied for his pension:

Employment After Retirement

After you retire under the Plan, you are free to find work in another industry without jeopardizing your pension, with one exception. If your pension is a disability pension and you lose your eligibility for Social Security disability before age 65, your pension will stop.

*If you obtain work in the same industry, the same trade or craft and geographic area covered by the Plan, your pension from this Plan may be suspended during the period of that employment.*

If your are in doubt about whether taking a certain job after a retirement will cause your pension to be suspended, you may ask the Board of Trustees for a ruling. Write a letter to the Board and give the name and address of the company you intend to work for and describe the nature of your duties.

(Exhibit H to defendant's motion for summary judgment) (emphasis added).

Dennis began receiving pension benefits on August 1, 1983. (Affidavit of Hugh Brookhart, ¶ 5). He informed the Board of his Pantry Fresh employment in response to a routine, annual questionnaire sent to pensioners to determine if they were working and, hence, possibly no longer eligible for a pension. The questionnaire was more specific than the summary of the plan, defining employment in the retail food industry as employment "with a Retail Food Store of a structure size similar to any of the employers in the Plan."

After receiving Dennis's response, the Board investigated Pantry Fresh to determine what type of food store it was and if it qualified as a store in the same industry as Acme. The Board determined that it was, based upon gross sales of approximately $80,000.00 per week, and an area of 20,000 square feet. The Board concluded that Dennis's pension benefits should be suspended and so notified him by letter, dated August 1, 1984. Plaintiffs' counsel sought reconsideration of that decision by a letter, dated August 9, 1984, in which counsel argued that the Board should reverse its decision because: (1) Dennis needs to work to supplement his meager pension benefits; (2) Pantry Fresh, "a small, independent grocery store," is not in the same industry as Acme; and (3) the purpose of the rule suspending benefits is not served when Dennis is not working for a competitor of Acme, which is no longer in business in the area. After considering counsel's arguments, the Board reaffirmed its prior decision. (Attachment 7 to defendant's motion for summary judgment.) Plaintiffs filed suit in the Court of Common Pleas of York County, Pennsylvania, seeking reinstatement of the pension, and defendant removed the case to this court because it was a claim arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

### III. *Discussion.*

We must evaluate the motions under the following, well established standard:

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only where the moving party establishes that no genuine issue exists as to any of the material facts in the case, and that he is entitled to judgment as a matter of law. *See, e.g., Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). Courts should resolve any doubts as to the existence of issues of material fact against the moving party, and view all inferences in the light

most favorable to the nonmoving party. [citation omitted].

*Fragale & Sons Beverage Co. v. Dill,* 760 F.2d 469, 472 (3d Cir.1985) (brackets added).

The Board administers the plan by which the Food Employers Labor Relations Association and the United Food and Commercial Workers Pension Fund (Fund) is distributed. The Fund is a multi-employer and employee benefit plan as defined in 29 U.S.C. § 1002(3). (Defendant's Statement of Undisputed Facts ¶ 1). It is maintained by food industry employers and the United Food and Commercial Workers Union Locals 27, 400 and 1357 for the benefit of covered bargaining unit employees. Contributing employers are located in Delaware, Maryland (Affidavit of H. Eugene O'Brien, Attachment 9 to defendant's motion), and, of course, Pennsylvania.[1]

The Board's administration of the plan is governed by ERISA and its decision as to pension benefits cannot be reversed by a reviewing court unless the Board acted arbitrarily or capriciously. *See Edwards v. Wilkes-Barre Publishing Co. Pension Trust,* 757 F.2d 52 (3d Cir.1985); *Struble v. New Jersey Brewery Employees' Welfare Trust Fund,* 732 F.2d 325 (3d Cir.1984). We cannot conclude that the Board has done so under the circumstances of this case.

The suspension of benefits provision applies when a pensioner obtains work "in the same industry, the same trade or craft and geographic area covered by the Plan." When the Board received Dennis's response to its inquiry, it investigated the Camp Hill Pantry Fresh store to determine if it was engaged in the same business as employers contributing to the plan. The Board discovered that it was a retail food store with gross sales of approximately $80,000 per week and 20,000 square feet of space. The Board therefore suspended Dennis's benefits because he came within the suspension of benefits provision.

---

**1.** Defendants' brief also asserts that the geographic area of the plan includes Virginia and the District of Columbia but this is not set forth of record.

Despite the Board's apparent compliance with the plan provision, the plaintiffs contend that suspension of Dennis's benefits was arbitrary and capricious mainly because: (1) although Dennis had received a copy of the plan summary, he was not aware of the suspension of benefits rule until he received the February, 1984 questionnaire; (2) the rule's purpose is to prohibit competition with the former employer and it is not served in this instance when Acme has withdrawn from competition in the area of Dennis's employment; (3) the rule cannot equitably be applied to an employee of over thirty years standing who was forced out of work by Acme's decision not to compete in the York area and who could find no other employment after a seven month search; (4) other factors besides those set forth in section 203(a)(3)(B), 29 U.S.C. § 1053(a)(3)(B), may be taken into account in determining whether a suspension of benefits constitutes an illegal forfeiture; and (5) in notifying Dennis of the suspension of benefits the Board failed to comply with the procedure set forth in 29 C.F.R. § 2530.203–3(b)(4).

■ In connection with plaintiffs' first argument, they have failed to assert how their lack of actual knowledge of the rule requires restoration of pension benefits. They admit that Dennis received a copy of the plan summary before his employment with Acme was terminated and have not pointed to any law or regulation requiring notice to him of the rule at the time of his decision to receive pension benefits. Under these circumstances, plaintiffs cannot rely upon ignorance of contractual provisions because of their failure to read them.

■ We disagree with plaintiffs' contention that the rule was intended to prohibit competition with the former employer. The language of the rule covers the geographic area of the plan, not the geographic area of the employee's former place of employment. *See also* 29 C.F.R. § 2530.-203–3(c)(2)(iii) which provides, in pertinent part, that "the 'geographic area covered by the plan' consists of any state ... in which contributions were made or were required to be made by or on behalf of an employer...." Since the plan accordingly includes at least Pennsylvania, Maryland and Delaware, we must reject plaintiffs' competition argument. We believe the language of the rule makes sense in light of defendant's contention that the rule was intended to protect the fiscal integrity of the fund. It can achieve this by preventing eligible employees from accepting a pension and going to work in the same occupation in the area covered by the plan.

■ Plaintiffs' third argument is that it would be inequitable to apply the suspension of benefit rules to him since he was an employee of thirty years standing, forced out of his former position, who took the only job he could find. In their view, this would constitute an arbitrary and capricious exercise of the Board's discretion. Once again, however, the plan language fails to support plaintiffs. No where does the plan allow benefits under the circumstances described by them.

Additionally, ERISA and its regulations permit the suspension of benefits which took place here. Dennis concedes that he is not at the normal retirement age under the plan. 29 C.F.R. § 2530.203–3, captioned "Suspension of pension benefits upon employment," provides, in relevant part, as follows:

A plan may provide for the suspension of pension benefits which commence prior to the attainment of normal retirement age, or for the suspension of that portion of pension benefits which exceeds the normal retirement benefit, or both, for any reemployment and without regard to the provisions of Section 203(a)(3)(B) and this regulation to the extent (but only to the extent) that suspension of such benefits does not affect a retiree's entitlement to normal retirement benefits payable after attainment of normal retirement age, or the actuarial equivalent thereof.

Section 203(a)(3)(B), in connection with multiemployer plans, permits suspension of benefits if the employee is reemployed in the same industry, in the same trade or

craft and the same geographic area covered by the plan. Hence, the plan itself is more liberal than the statute and regulations since the Board could have legally prohibited Dennis, as a person who has not yet attained normal retirement age, from receiving pension benefits upon any reemployment. *See Chambless v. Masters, Mates & Pilots Pension Plan,* 571 F.Supp. 1430 (S.D.N.Y.1983) and cases cited therein. Instead, the plan permits him to work, as long as his reemployment is not in the same industry, in the same trade or craft and in the same geographic area covered by the plan.

Plaintiffs argue that the notice of suspension of benefits failed to comply with the procedural requirements of 29 C.F.R. § 2530.203–3(b)(4). Defendant argues that that section is applicable only to retirees who have attained normal retirement age. We reject defendant's contention. We have already quoted above from subsection (a) of this section which is a general provision dealing with suspension of benefits before and after normal retirement age. Subsection (b)(4), captioned, "Notification" goes on to provide as follows:

> No payment shall be withheld by a plan pursuant to this section unless the plan notifies the employee by personal delivery or first class mail during the first calendar month or payroll period in which the plan withholds payments that his benefits are suspended. Such notification shall contain a description of the specific reasons why benefit payments are being suspended, a general description of the plan provisions relating to the suspension of payments, a copy of such provisions, and a statement to the effect that the applicable Department of Labor regulations may be found in § 2530.-203–3 of the Code of Federal Regulations. In addition, the suspension notification shall inform the employee of the plan's procedure for affording a review of the suspension of benefits.

The reference by subsection (b)(4) to *"no payment* shall be withheld by a plan" obviously includes a suspension of pension benefits before normal retirement age covered

in subsection (a). We conclude that subsection (b)(4) applies to the suspension of benefits in the case at bar.

Having so concluded, we disagree with plaintiffs that the appropriate remedy is reinstatement of benefits. Plaintiffs cite *New York State Teamsters Conference Pension and Retirement Fund v. Hoh,* 561 F.Supp. 679 (N.D.N.Y.1982) in support of that request, but *Hoh* is distinguishable. In *Hoh,* the court did find pursuant to section 2530.203–3(b)(4) that the notice of suspension was procedurally deficient, and that benefits should be reinstated. It also found, however, on the merits, that the plan administrators had wrongfully suspended benefits in the first place. The pensioner, Hoh, was not employed in circumstances which would have warranted suspension of his benefits. Additionally, Hoh was never granted, as required by section 503 of ERISA, 29 U.S.C. § 1133, a reasonable opportunity for a full and fair review of the decision denying benefits.

■ In the instant case, the letter, dated August 1, 1984, notifying Dennis of the suspension of benefits did not, as plaintiffs point out, contain a general description of the plan provisions relating to the suspension of benefit payments, a copy of such provisions, nor a statement to the effect that applicable Department of Labor Regulations could be found in 29 C.F.R. § 2530, and no mention of the plan's procedure for affording review of its decision. Nevertheless, plaintiffs' counsel by letter of August 9, 1984, sought reconsideration of the Board's decision. The letter clearly indicates plaintiffs' knowledge of why benefits were denied and sets forth fully plaintiffs' arguments for reinstatement. This letter was considered by the Board which reaffirmed its prior decision. Under these circumstances, plaintiffs' procedural objection is technical and does not warrant reinstatement of benefits.

We note plaintiffs' argument that there remains a disputed factual issue in this case because they claim the Pantry Fresh store grosses only $60,000 per week and is

only 12,500 square feet. (Plaintiff's answer to defendant's Interrogatory 5). Defendant has shown, however, that the stores of some contributing employers are equivalent in gross sale and square footage to the Pantry Fresh store, (Affidavits of Carvel Mays, Jr. and H. Eugene O'Brien, attachments 8 and 9 to defendant's motion), so while there may be a genuine issue of fact, there is no issue of *material* fact.

It is unclear whether defendant has sought summary judgment on its counterclaim since it has only sought summary judgment generally. Plaintiffs have specifically requested judgment in their favor on the counterclaim. We will grant plaintiffs' request because the relief sought by defendant is contrary to the regulations.

■ Defendant's counterclaim demands reimbursement for all amounts paid from August 1, 1983 through August 31, 1984. Under 29 C.F.R. § 2530.203–3(b)(3), however, defendant cannot seek an immediate lump sum award for improperly paid retirement benefits. It can only offset against future retirement benefits each month an amount no greater than 25% of the future monthly benefit. The regulation provides as follows:

> (3) Offset rules. A plan which provides for the permanent withholding of benefits may deduct from benefit payments to be made by the plan payments previously made by the plan during those calendar months or pay periods in which the employee was employed in section 203(a)(3)(B) service, Provided, That such deduction or offset does not exceed in any one month 25 percent of that month's total benefit payment which would have been due but for the offset (excluding the initial payment described in paragraph (b)(2) of this section, which may be subject to offset without limitation).

Additionally, we note that defendant has failed to comply with subsection (b)(4). Its notification of suspension of benefits, dated August 1, 1984, did not include a statement of defendant's intention to recoup benefits already paid. (Exhibit F to defendant's motion). Subsection (b)(4) provides, in pertinent part, as follows:

> [I]f a plan intends to offset any suspendible amounts actually paid during the periods of employment in section 203(a)(3)(B) service, the notification shall identify specifically the periods of employment, the suspendible amounts which are subject to offset, and the manner in which the plan intends to offset such suspendible amounts.

29 C.F.R. § 2530.203–3(b)(4).

We will issue an appropriate order.

### ORDER AND JUDGMENT

AND NOW, this 25th day of October, 1985, it is ordered that:

1. Plaintiffs' motion for summary judgment on defendant's counterclaim is hereby granted and judgment on the counterclaim is hereby entered for plaintiffs. In all other respects, plaintiffs' motion is denied.

2. Defendant's motion for summary judgment on plaintiffs' complaint against it shall be and is hereby granted and judgment is hereby entered in favor of defendant on that complaint. In all other respects defendant's motion is denied.

3. Defendant's motion for the continuance of the pre-trial conference and trial is hereby dismissed as moot.

4. The Clerk of Court shall close this file.