**Robert McGINNIS, Plaintiff,**

**v.**

**William D. JOYCE et al., Defendants.**

**No. 79 C 4791.**

United States District Court, N. D. Illinois.

Feb. 2, 1981.

Robert McGinnis, Leon M. Despres and Albert Schwartz, Chicago, Ill., for plaintiff.

Marvin Gittler, Asher, Goodstein, Pavalon, Gittler, Greenfield & Segall, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On November 19, 1979 Robert McGinnis ("McGinnis") filed this action against defendants William D. Joyce, John D. Kelahan, Frank Wsol, Robert J. Baker, John J. Barranco and Michael P. Murphy. Defendants are trustees of the International Brotherhood of Teamsters Local No. 710 Pension Fund (the "Pension Fund") and Health and Welfare Fund (the "Welfare Fund") (collectively the "Funds"), of which McGinnis is a beneficiary. In McGinnis' Amended Complaint (the "Complaint") he charges defendants with a continuing and wilful refusal to grant McGinnis access to plan-year reports of the Funds, to which he is entitled under Sections 104(b)(2) and 104(b)(4) of the Employee Retirement Income Security Act of 1974 ("ERISA").

On December 4, 1980 McGinnis moved to amend the Complaint to include allegations that (1) defendants have unlawfully refused to provide McGinnis with a list of all employers contributing to the Pension Fund and (2) defendant Wsol and other employees of Local 710 have threatened McGinnis with violence if he continues his opposition activities (including pursuing this action) or ever comes to the union hall where the Funds' offices are located. Defendants oppose the proposed amendment, maintaining that its allegations are non-actionable under ERISA. For the reasons stated in this memorandum opinion and order, McGinnis' motion to amend the Complaint is granted in part and denied in part.

*McGinnis' Request for a List of Contributing Employers*

McGinnis initially alleges in the proposed amendment that on June 30, 1980 he requested a list of all employers who were contributing to the Pension Fund and, being told to put that request in writing, did so about July 16. Beneficiaries were in fact entitled to that information under the terms of each Fund's plan (singly the "Plan," collectively the "Plans") as originally promulgated. However, by letters to all beneficiaries dated July 1, 1980, defendant trustees advised that both Plans had been

amended so that beneficiary inquiries are now limited to whether specifically named employers are Fund contributors. McGinnis alleges that modification was intended to deny him access to documents and information covered by his requests in violation of ERISA § 104(b)(4).

Defendants raise a single argument in opposition to that proposed amendment[1]: Under the relevant labor regulation (CFR § 2520.102–3(b)(3)) trustees may elect alternatively to provide beneficiaries upon request either with a complete list of employer contributors or with information only as to specifically identified employers. In short, defendants contend that because they had the right to amend the Plans as they did, McGinnis has no basis for seeking relief.

That argument plainly misses the mark. Under ERISA § 502 a beneficiary may bring a civil action "to enforce his rights under the terms of the plan." McGinnis alleges that at the time he made his request, his rights *under the terms of the Pension Plan* included access to the requested information.[2] That being true, the trustees were certainly not free to amend the Plan *retroactively* to deny him that right. Defendants' contentions are thus insufficient to justify denial (in effect a dismissal) of McGinnis' first proposed amendment.

*Interference with McGinnis' Exercise of Rights*

■ McGinnis' second offered amendment is a new Count IV alleging that:

(1) On February 3, 1980 Wsol and other employees of Local 710 under his direction threatened McGinnis with violence if he continued his "opposition activities," including the continued prosecu-

tion of this action to enforce his ERISA rights.

(2) In that respect, the same persons threatened to beat McGinnis severely if he ever came to the union hall, where the Funds' offices are located.

McGinnis seeks injunctive and monetary relief under ERISA § 510:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, [or] this subchapter ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this subchapter.... The provisions of [ERISA § 502] shall be applicable in the enforcement of this section.

Defendants argue that McGinnis' charges track ERISA § 511, a criminal statute that does not imply a *private* right of action:

It shall be unlawful for any person through the use of fraud, force, violence, or threat of the use of force or violence, to restrain, coerce, intimidate, or attempt to restrain, coerce, or intimidate any participant or beneficiary for the purpose of interfering with or preventing the exercise of any right to which he is or may become entitled under the plan, [or] this subchapter.... Any person who willfully violates this section shall be fined $10,000 or imprisoned for not more than one year, or both.

They contend that Sections 510 and 511 are mutually exclusive, so that the fact that McGinnis has alleged facts actionable under

---

**1.** There is apparently some dispute as to whether the Plan amendments were effective before or after McGinnis' requests (see Def. R.Br. 8 n.3), though defendants expressly state that they are not raising issues of disputed facts "at this stage." In any event, however, such a contested factual issue cannot appropriately control the resolution of the present *pleading* motion.

**2.** Defendants' "Opposition To Motion To Amend" is really no more than a motion to

dismiss, because it raises issues only as to whether McGinnis' proposed amendments state a cause of action. McGinnis' factual allegations must therefore be taken as true. It is both unnecessary and inappropriate to consider what the parties' rights would be if (for example) Plan amendments prove to have been made to frustrate McGinnis' pursuit of this litigation, but they turn out to have become effective before he made his request for information.

Section 511 (though not by McGinnis) precludes him from obtaining any relief under Section 510.

McGinnis concedes that Section 511 does not imply a private right of action and that the allegations contained in his amendment may in fact be actionable under that provision. However, he argues that those allegations also support a claim of "discriminat[ion] against a ... beneficiary for exercising any right to which he is entitled under the provisions" of the Plans or ERISA. Therefore, McGinnis says, he is entitled to relief under the literal language of Section 510.

Defendants' argument that the applicability of Section 511 to these facts precludes relief under Section 510 is plainly untenable:

1. Nothing in the text of those provisions or their legislative history (as submitted to the Court by the parties) supports the construction defendants suggest. If anything the legislative history supports the contrary position. *See,* H. Conf. Report No. 93–1290, 1974 U.S.Cong.Code and Administrative News at 4639, 5110.

2. Defendants' contention that because McGinnis may state a civil cause of action under 29 U.S.C. § 411 and § 412, no cause of action should be read into Section 510, is equally without merit. Neither general principles of statutory construction nor the specific authorities cited by defendants suggest that the wrong alleged may not be redressable concurrently under two or more statutes.

3. Finally, defendants' argument that Section 510 on its face applies only to "discrimination in *employment* or *union* membership" and that the discrimination alleged in McGinnis' amendment fails to meet that criterion is also without support. By its express terms Section 510 applies to discrimination incurred because a beneficiary has exercised his or her rights under a plan or the ERISA statute.

Under McGinnis' allegations he is being treated differently—discriminated against —for having exercised or seeking to exercise the rights identified in Section 510. Those charges are sufficient to support the amendment as a matter of pleading.

However, McGinnis' proposed Count IV does appear to be defective in one respect. By its express terms, Section 510 is to be enforced under ERISA § 502:

(a) A civil action may be brought—
   (1) by a participant or beneficiary—
   (A) for the relief provided for in subsection (c) of this section, or
   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...
   (3) by a participant, beneficiary, or fiduciary
   (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; ...
(c) Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Section 502(a)(1) is clearly inapplicable to the facts alleged in Count IV. It is rather Section 502(a)(3) that McGinnis seeks to invoke to "enforce ... provisions of this subchapter," specifically Section 510.

But Section 502(a)(3) authorizes only an injunction or "other appropriate *equitable* relief" to redress such violations. McGinnis seeks both an injunction and "$40,000 in damages for the repeated and continuing violations of plaintiff's rights under Section 510 of ERISA." Because money damages are not authorized by the statute under the

**658**

alleged circumstances, paragraph (c) of the prayer for relief in McGinnis' proposed amendment will be stricken.[3]

### Conclusion

McGinnis' motion for leave to file the tendered amendment to the Amended Complaint is granted except as to proposed prayer for relief (c). Defendants are ordered to file an amendment to their answer, responding to the allegations of the McGinnis amendment, or or before February 17, 1981.

---

**3.** This Court expresses no opinion as to whether money damages would be recoverable against defendants on the facts alleged under a theory other than a statutory action under ERISA § 502 to enforce Section 510 rights.