Jack **DEANE, et al.,** Plaintiffs,

v.

**THOMSON McKINNON SECURITIES, INC., et al.,** Defendants.

Civ. A. No. 83–1114.

United States District Court, District of Columbia.

April 30, 1984.

A. Fred Freedman, Washington, D.C., for plaintiffs.

Steven M. Levine, Wilson, Elser, Edelman & Dicker, Washington, D.C., for Thomson McKinnon Securities.

Jerold Oshinsky, Robert H. Shulman, Anderson, Baker, Kill & Olick, Washington, D.C., for New Orleans Hosp. Corp.

William E. Hegarty, Charles A. Gilman, Richard I. Miller, Cahill, Gordon & Reindel, Washington, D.C., for Peat, Marwick, Mitchell & Co.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

On April 18, 1983, Jack Deane and Joseph Deane filed a complaint on behalf of themselves and others similarly situated charging the defendants with violations of the federal securities laws—the Securities Act of 1933 and the Securities Exchange Act of 1934. Named as defendants were Thomson McKinnon Securities, Inc. ("McKinnon"), a registered broker-dealer; Peat, Marwick, Mitchell & Co. ("Peat, Marwick"), an accounting firm; and the New Orleans General Hospital Corporation ("Hospital"), an issuer of hospital revenue bonds. The plaintiffs alleged that they sustained losses and damages after purchasing Hospital revenue bonds through McKinnon, the underwriter of the bonds. The complaint also alleged that plaintiffs received "a preliminary official statement dated June 15, 1981, which included ... a feasibility study prepared by [Peat, Marwick]" for the Hospital (Complaint ¶ 2). As relief the plaintiffs demanded "judgment against the Defendants ... for recission of the offering...." (Complaint p. 4).

Thereafter, the three defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted, Rule 12(b)(6) Federal Rules of Civil Procedure. On August 11, 1983, an order of dismissal without prejudice was entered. The complaint was dismissed because the plaintiffs failed to state a cognizable claim against the defendants and failed to comply with the basic pleading requirements of civil procedure, Rule 8(a)(2), (e)(1) and Rule 9(b). More specifically, the plaintiffs failed to particularize in the complaint what provisions, if any, of the 1933 and 1934 federal securities acts were relied upon and they failed to note what actions or conduct were taken by any defendant which violated particular provisions of the two statutes. In

short, the loosely worded complaint was fatally flawed and fell far short of charging the defendants with any breach of duties or violations of law insofar as the plaintiffs were concerned.

On September 6, 1983, the plaintiffs filed an amended complaint which was also challenged by the defendants. This first amended complaint, while somewhat of an improvement over the original effort, was nonetheless dismissed on February 9, 1984. In dismissing the plaintiffs' second effort, without prejudice, the Court noted at page 3 of the Order of Dismissal that while the new complaint was lengthier than the first, "the only change of significance is that the Amended Complaint now alleges violations of specific subsections of the federal securities acts. In other respects, however, the Amended Complaint is as deficient as the original, and does not meet the requirements of specificity for complaints alleging securities fraud." The Court then pointed to the unresolved problems presented by the plaintiffs' second effort and noted the relevant and controlling case law associated with those problems.

The plaintiffs then filed a Second Amended Complaint on March 1, 1984. Meanwhile on January 31, 1984, the New Orleans General Hospital Corporation filed notice in this proceeding that on January 13, 1984, it had filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana. The plaintiffs then named the defendant Medical and Business Facilities ("Business Facilities"), a Louisiana limited partnership, in place of the Hospital.

At this time the Court is again called upon to decide motions to dismiss filed by McKinnon and Peat, Marwick. For the reasons set out below, it is determined that the Second Amended Complaint does not reflect any significant improvement and should be dismissed. This dismissal, however, is *with prejudice.*

The plaintiffs' third effort alleges: that the Hospital was "controlled" by the defendant, Business Facilities; that in June and July 1981, the two defendants prepared and caused to be issued an Official Statement which was later disseminated to prospective purchasers in connection with the offer and sale of the bonds; that McKinnon was the underwriter for the bonds; and that on August 8, 1981, the plaintiffs purchased the Hospital's bonds through McKinnon. The Second Amended Complaint then presents and tracks in detail language from various provisions of the Official Statement. Attached to and included as part of that document was a Feasibility Study prepared by Peat, Marwick and a July 24, 1981, transmittal letter from those accountants to the Hospital. The Feasibility Study presented an analysis of the Hospital's financial forecast as set out in the Official Statement.

■ The plaintiffs assert three causes of action against the plaintiffs. Count I of the complaint charges all defendants with "violations of Section 17(a)(1) of the Securities Act [of 1933], 15 U.S.C. 77q(a)(1) and Section 10(b) of the [Securities] Exchange Act [of 1934], 15 U.S.C. 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. 240.10b-5." Count II, based on the same allegations, charges all defendants with "violations of Section 17(a)(2) and (3) of the Securities Act [of 1933], 15 U.S.C. 77q(a)(2) and (3)." Count III charges only McKinnon with violation of an underwriter's duty of care and skill of his profession toward the plaintiffs and to deal with them in candor.

The plaintiffs' present effort, as was true of the two earlier pleadings, is still lacking and deficient. Most notably, they fail to assert what portions, if any, of the Official Statement are false or misleading and in what manner. They fail to particularize or specify what statements are actionable as to a defendant and fail to provide sufficient factual predicate to support a securities fraud claim as to a defendant. They continue to rely upon conclusory allegations and a mere recitation of the language of the two federal securities statutes in their pleading.

As to the Peat, Marwick Feasibility Study, other than generalizations and ambiguous references and statements as to

fraud, there is no claim that the accountants' Feasibility Study contained false and misleading statements. Also Peat, Marwick makes a timely and relevant observation, namely, that nowhere in the Second Amended Complaint do the plaintiffs ever claim or allege that they read and relied upon the Feasibility Study.

The Deanes seek to bolster their latest effort by including and quoting from portions of a later prepared audit report undertaken by Aucoin, Sanchez and Paul, an independent Louisiana accounting firm. The audit was performed at the request of a Louisiana bank serving as the indenture trustee for the bond issue (Complaint ¶¶ 13–16) and covered the Hospital's financial statements and operations over an 11-months period, through December 31, 1981.

The audit report did not discuss, comment, or criticize Peat, Marwick's Feasibility Study or the Hospital's projections referenced therein. Also, the report disclaimed any opinions on the Hospital's financial statements for the 11-month period ending December 31, 1981. "We are not in a position to, nor was the scope of our work sufficient to enable us to express, and we do not express, an opinion on the financial statements referred to above." (Complaint ¶ 15).

Count I charges all defendants with a violation of Section 17(a) of the 1933 Securities Act. The plaintiff's reliance upon that section as to Peat, Marwick is premised upon the theory of an implied private damage remedy. The weight of case authority suggests, however, that an implied private right of action is doubtful and unavailable. The Supreme Court decision, *Aaron v. SEC*, 446 U.S. 680, 689, 100 S.Ct. 1945, 1951, 64 L.Ed.2d 611 (1980) left open the question as to whether 17(a) gives rise to a private right of action. Subsequent to *Aaron* various courts have held that Section 17(a) provides no implied right of action for damages. *See, Keys v. Wolfe,* 709 F.2d 413, 416 (5th Cir.1983); *Landry v. All American Assurance Co.,* 688 F.2d 381, 384–91 (5th Cir.1982); *Summer v. Land & Leisure, Inc.,* 571 F.Supp. 380, 386–87 (SD Fla.1983); *Kimmel v. Peterson,* 565 F.Supp. 476, 482–88 (ED Pa.1983).

█ Section 17(a) proscribes unlawful conduct "in the offer or sale of any securities." The plaintiffs do not contend that Peat, Marwick offered or sold any hospital bonds to them and thus the theory of liability as to the accountants is presumably that of secondary liability as an aider or abetter. The criteria for determining Section 17(a) liability of the aider or abetter are well settled and clear. Senior Judge David Bazelon of our Circuit Court noted that the following elements must be established: "1) another party has committed a securities law violation; 2) the accused aider and abetter had a general awareness that his role was part of an overall activity that was improper; and 3) the accused aider and abetter knowingly and substantially assisted the principal violation." *Investors Research, et al. v. S.E.C.,* 628 F.2d 168, 178 (D.C.Cir.) (citing *Woodward v. Metro Bank of Dallas,* 522 F.2d 84 (5th Cir.1975)), *cert. denied,* 449 U.S. 919, 101 S.Ct. 317, 66 L.Ed.2d 146 (1980). The same view was announced even more recently, *Dirks v. SEC,* 681 F.2d 824, 844 (D.C.Cir.1982); *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983). In view of this it is clear that as to Peat, Marwick, the present amended complaint must be dismissed for none of the requisite elements of aiding and abetting liability have been alleged in any manner.

█ Under Section 10(b) of the 1934 Act and Rule 10(b)5 upon which the plaintiffs also rely, scienter is a basic element of a securities fraud claim. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Ross v. A.H. Robins,* 607 F.2d 545, 556 (2d Cir.), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). After three efforts, the plaintiffs have not provided sufficient factual support demonstrating scienter as to McKinnon and Peat, Marwick. In Count I the plaintiffs allege that the "Defendants knew, should have known or recklessly disregarded the managerial and accounting difficulties of the [Hospital] and dissemi-

nated an Official Statement which painted the management and accounting systems in glowing terms" (Complaint ¶ 33). Other than this innocuous and meaningless statement the plaintiffs have failed to satisfy the particularity requirements of Rule 9(b) F.R.Civ.P. To establish Section 10(b) and Rule 10(b)5 violations under the civil procedure rule the complaint must allege specific facts; sources that support the alleged specific facts; and a basis from which an inference of fraud may fairly be drawn. *Crystal v. Foy*, 562 F.Supp. 422, 423, 425 (S.D.N.Y.1983). The general broadside allegations set out in the plaintiff's amended applications fall short.

■ The plaintiffs have characterized the Third Count asserted against the underwriter, McKinnon, as a common law claim—breach of duty. McKinnon rejects that characterization and contends that it is a fraud claim and thus is subject to the more stringent requirements of pleading. Whatever label is utilized, the Count suffers from the same malady as found generally with the plaintiffs' several efforts. It is written loosely and does not provide sufficient information to frame a meaningful response. It does not define or set out the nature and scope of the duty owed or breached and thus McKinnon does not have a fair and adequate notice of the claims asserted by the plaintiffs. Rule 8(a) F.R. Civ.P. provides in part that a claim shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, ...." Even a generous reading of Count III would not support the plaintiffs' last pleading effort charging breach of McKinnon's common law duty owed by an underwriter to a purchaser of securities.

The Deanes have been advised more than once what is required to state a securities fraud claim and have had ample opportunity to comply. Their continual difficulties and inability to satisfy a cause of action perhaps suggest that they do not have a viable cause of action.

■ Finally, nowhere in the Second Amended Complaint do the plaintiffs allege a cause of action sufficient to support a claim of securities fraud against Business Facilities. And thus the Court on its own initiative dismisses the Complaint against that defendant.

On basis of the entire record in this proceeding, this action is dismissed with prejudice.