Francine K. WEISS, et al., Plaintiffs,

v.

Linda Lehman GIBSON, et al., Defendants.

Civ. A. No. 85–0721.

United States District Court, District of Columbia.

May 15, 1985.

Emil Hirsch, Lerch, Early, Roseman & Frankel, Bethesda, Md., for plaintiffs.

Harry C. Storm, Kenneth R. West, Abrams, West & Storm, P.C., Bethesda, Md., for defendants.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

This action arises from the plaintiffs' investments in certain real estate joint ventures formed by Linda Gibson and her deceased husband Morton, through a corporation known as Lehman-Gibson Associates, Inc. ("LGA"). The defendants are Ms. Gibson, who is sued both in her individual capacity and her capacity as the representative of her husband's estate, LGA, and Hy-Bob Co., Inc., the entity which allegedly owned the real estate interests prior to their acquisition through the joint ventures. The complaint alleges violations of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77a *et seq.*, the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78a *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the District of Columbia Securities Act, D.C.Code § 2–2601 *et seq.*, the Maryland Securities Act, Md.Corps. & Ass'ns Code Ann. § 11–101 *et seq.*, and various breaches of duty under the common law. The Gibson defendants have moved to dismiss the complaint as to all of these claims, and have moved for a protective order staying the time within which they must file a response to Plaintiffs' First Request for Production of Documents until such time as the Court rules on the motion to dismiss. For the reasons set forth below, the Court determines that the motion to dismiss is premature with respect to all claims save the RICO claim (Count 7), and the claims under sections 17(a)(1), (2) and (3) of the 1933 Act, 15 U.S.C. § 77q(a)(1), (2) and (3). The motion with respect to those claims is granted; the resolution of the other claims awaits further discovery. The reasons for that determination are set forth below.

### Securities Law Claims: Counts 1–6, 8–12

The defendants argue that the statute of limitations bars all of plaintiffs' claims under the federal and state securities laws. The applicable statutes of limitations for these claims vary in their specifics, but all provide either a one or a two-

year limitations period. *See* 15 U.S.C. § 77m; D.C.Code § 2–2613(e); Md.Corps. & Ass'ns Code Ann. § 11–703(f). Although the plaintiffs allege that they purchased securities between 1979 and 1982, they also assert that fraudulent concealment prevented them from discovering these violations, *see* complaint at ¶¶ 23, 26, 27, and have filed affidavits stating that they were not aware of the relevant facts until January 1985. Affidavits of Dr. Jacob Katzow and Francine K. Weiss, filed May 3, 1985. Given these assertions, it would be inappropriate to dismiss this case on the pleadings. The defendants may renew their claims in a motion for summary judgment after discovery, if such a motion is warranted at that time. The plaintiffs should, however, amend their complaint to affirmatively plead compliance with the statute of limitations under Count 2 of the complaint, and to set forth with greater particularity the dates of the alleged purchases.

■ With respect to four of the securities counts, the defendants advance other reasons supporting dismissal, in addition to their assertions based on the statute of limitations. First, they argue that the cause of action for conspiracy to violate the federal securities laws (Count 6) should be dismissed because this cause of action is not independently actionable, and only establishes vicarious liability for an underlying wrong. As a matter of both federal and local law, the defendants' analysis of the nature of a conspiracy cause of action is correct. *See Zabriskie v. Lewis*, 507 F.2d 546, 553–54 (10th Cir.1974) (federal securities law); *Ferguson v. Omnimedia, Inc.*, 469 F.2d 194, 197–98 (1st Cir.1972) (federal securities law); *Halberstam v. Welch*, 705 F.2d 472, 479 (D.C.Cir.1983) (applying local law). Nevertheless, to the extent that Count 6 purports to allege a claim premised on vicarious liability for the wrongful actions of others, it will survive a motion to dismiss. The plaintiffs may include in their amended complaint the correct description of the basis for their cause of action; their failure to indicate the derivative nature of the liability they wish to impose will result in dismissal of this count.

■ Second, the defendants argue that the causes of action under § 17(a) of the 1933 Act, 15 U.S.C. § 77q(a)(1), (2) and (3) (counts 3–5) should be dismissed because § 17(a) does not afford a private right action. In *Deane v. Thomson McKinnon Securities, Inc.*, 586 F.Supp. 44, 47 (D.D.C. 1984), *aff'd mem. op.* 762 F.2d 137 (D.C. Cir.1985), this Court adopted this view and now reaffirms it here. The claims asserted in counts 3–5 are accordingly dismissed.

### RICO Claim: Count 7

■ The defendants argue that the RICO claim should be dismissed because it fails to state a claim upon which relief can be granted in the absence of a prior criminal conviction. It is undisputed that none of the defendants have been convicted of criminal securities law violations, the predicate offense on which the plaintiffs' RICO claim is premised. Both the Second Circuit and Judge Johnson of this District Court have recently held that a criminal conviction on one of the predicate offenses is a necessary element of a civil RICO action. *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482, 503 (2d Cir.1984), *cert. granted,* — U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985); *Berg v. First American Bankshares, Inc.*, 599 F.Supp. 500, 506 (D.D.C. 1984). On April 17, 1985, the Supreme Court heard argument on this issue. 53 U.S.L.W. 3751 (U.S. Apr. 23, 1985) (No. 84–848). Although the circuit courts are divided on this question, *see e.g., USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 95 n. 1 (6th Cir.1982), this Court has adopted the position advanced by the Second Circuit and Judge Johnson. *See Goldstein v. S & A Restaurant Corp.*, No. 84–2093 (D.D.C. order filed May 8, 1985). The Court sees no reason to deviate from its previous holding, and accordingly dismisses count 7 for failure to state a cause of action.

### Common Law Claims: Counts 13–16

■ Lastly, the defendants argue that the common law claims should be dismissed

for lack of personal jurisdiction.[1] The affidavits filed by the plaintiffs, however, allege that numerous transactions relating to the joint venture took place in the District of Columbia. These facts, if true, are sufficient to establish this Court's personal jurisdiction over the defendants under the federal securities laws and the District of Columbia long-arm statute, as well as the appropriateness of venue. If the defendants wish to deny these allegations at a later date, they may file an appropriate pleading and affidavits. Dismissal on the basis of the current state of the record is inappropriate.

 Moreover, contrary to the defendants' assertions, the plaintiffs have alleged the proper elements of a claim for punitive damages for their fraud and breach of fiduciary duty claims. By alleging that the defendants acted "wantonly" and "maliciously," Complaint ¶¶ 76, 81, plaintiffs have met minimal pleading requirements. *Knippen v. Ford Motor Co.*, 546 F.2d 993, 1002 (D.C.Cir.1976). Dismissal of these claims at this time would be premature.

Accordingly, it is this 15th day of May, 1985,

### ORDERED

That the defendants' motion to dismiss is granted with respect to counts 3, 4, 5 and 7 of the complaint and denied with respect to the remainder of the complaint.

That the plaintiffs shall file an amended complaint which clarifies the nature of their cause of action for conspiracy under the securities laws, sets forth the approximate dates of the relevant transactions, affirmatively pleads compliance with the statute of limitations in count 2, and otherwise complies with the terms of this Order. This complaint shall be filed by May 24, 1985, and served on all parties by the same date.

That the defendants shall file an answer to the amended complaint by June 7, 1985.

That the defendants' motion for a protective order is denied. Defendants shall respond to plaintiffs' First Request for Production of Documents by June 7, 1985.

---

1. Their assertions that service of process was insufficient is premised on the dismissal of the federal securities claims. Since those claims are retained at this time, this assertion must be rejected.