Chappelle GRAY, Plaintiff,

v.

Richard BAIER, et al., Defendants.

Civ. A. No. 88–406 SSH.

United States District Court,
District of Columbia.

Aug. 30, 1989.

David N. Lamb, Mark D. Siegel, Washington, D.C., for plaintiff.

Mark W. Foster, Washington, D.C., for defendants.

MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss Counts I, II, III, IV, and VI of the complaint and for summary judgment as to Count V. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

Plaintiff was employed by Tele–Data, Inc. from July 1, 1974 to September 30, 1985. In November 1972, Tele–Data established the Employees Profit–Sharing Plan and Profit–Sharing Trust for the benefit of its employees. Defendant Baier is the Trustee of the Plan and is also named as Plan Administrator.

In September 1986, plaintiff requested payment of her accrued vested benefits (in essence a lump-sum payment). Plaintiff alleges that defendants discriminated against her by not paying her a share of Plan benefits for the Plan year ending October 31, 1986. In Count I, she seeks a declaratory judgment that the Plan is "non-qualified." She also alleges breach of fiduciary duty under Counts II and IV for which she seeks compensatory damages.[1] Under Count III, plaintiff alleges discrimination for exercise of rights under the Employee Retirement Income Security Act (ERISA). Plaintiff raises a claim for withholding of Plan information under Count V and alleges civil conspiracy under Count VI.

## DISCUSSION

### Count I

██ Plaintiff contends that "the Plan has been operated in a discriminatory, illegal, fraudulent and improper manner. These instances of misconduct are sufficient to cause the disqualification of the Plan." Complaint at 8. Accordingly, she seeks declaratory relief under 26 U.S.C. § 7476. That section, which is part of the Internal Revenue code, provides that "upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to such initial qualification or continuing qualification." Plaintiff's attempt to use this code section suffers from several flaws. First, the section vests jurisdiction in the Tax Court, not in the district courts. Second, the section imposes various limitations on its invocation. From the record before the Court, it appears that

plaintiff has not fulfilled certain prerequisites, including but not limited to exhaustion of administrative remedies within the Internal Revenue Service. *See id.* at 7476(b)(3). Defendants' motion to dismiss must be granted on this count of the complaint.

### Counts II and IV

██ Plaintiff alleges that defendant Baier breached his fiduciary duty by deliberately:

misleading plaintiff with regard to the amount of Plan benefits to which she was entitled, discriminating against plaintiff in failing to allocate to plaintiff her allocable share of Plan gains, income and earnings for the Plan Year ending October 31, 1986, and in the retaliatory actions made against plaintiff for her assertion of her legitimate ERISA rights....

Complaint at 10. Plaintiff seeks damages under § 409 of ERISA, which provides that:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... *shall be personally liable to make good to such plan* any losses to the plan....

29 U.S.C. § 1109 (emphasis added). Although ERISA does authorize a beneficiary to bring a civil action under § 409, *see* 29 U.S.C. 1132(a)(2), there is an important qualification.

[R]ecovery for a violation of § 409 inures to the benefit of the plan as a whole.... A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.

*Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 141–43, 105 S.Ct. 3085, 3090–91, 87 L.Ed.2d 96 (1985). Thus, plain-

---

**1.** Plaintiff initially sought punitive damages on these counts, as well as on Counts III and VI. In a Memorandum Order dated June 22, 1988, this Court granted defendants' motion to strike plaintiff's demands for punitive damages and a jury trial.

tiff's claim for damages under Count II must fail. Any personal liability on the part of Baier would be to the Plan, not to plaintiff as a beneficiary. For the same reasons, plaintiff's theory under Count IV, that "[d]efendant Baier is personally liable to plaintiff for . . . deprivation of Plan benefits pursuant to the provisions of 29 U.S.C. section 1109," Complaint at 12, must also be dismissed.

## Count III

■ Section 510 of ERISA is designed to prevent "unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." *West v. Butler*, 621 F.2d 240, 245 (6th Cir.1980). It provides:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan. . . . The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140. The applicable remedial provision of 29 U.S.C. § 1132 for such claims allows a beneficiary to bring an action:

(A) to enjoin any act or practice which violates any provision of this subchapter . . . or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . . .

29 U.S.C. § 1132(a)(3). On its face, this section permits equitable relief only. In *Massachusetts Mutual Life Insurance*, the Supreme Court did not find it appropriate to award extracontractual damages for breach of fiduciary duty under ERISA, absent "express authority" to do so. 473 U.S. at 145, 105 S.Ct. at 3092. The Court did not need to decide whether violations of other ERISA provisions could result in damages. *See id.* at 139 n. 5, 105 S.Ct. at 3088 n. 5. This Court concludes that such damages are inappropriate, at least with respect to § 510, especially given ERISA's careful statutory structure. *Accord,*

*McGinnis v. Joyce,* 507 F.Supp. 654, 657–58 (N.D.Ill.1981). As the Supreme Court itself noted:

We are reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA. . . . "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement."

*Massachusetts Mutual Life Insurance,* 473 U.S. at 148, 105 S.Ct. at 3093 (citations omitted). For these reasons, plaintiff's claim for damages under this section must be dismissed.

## Count V

■ In moving to dismiss plaintiff's claim for denial of plan information, defendants contend that plaintiff has not fulfilled the requirements set forth in the statute for stating such a claim. The Court agrees.

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal. . . .

29 U.S.C. 1132(c). Although plaintiff, through counsel, requested "[a] statement of income and expenses of the Plan and accompanying notes," Plaintiff's Exhibit B, she has sued for failure to supply a statement that also shows "the allocation of such earnings, income and gains among Plan participants." Complaint at 13. Moreover, plaintiff has not shown that defendant was required to furnish the information she requested. *See* 29 U.S.C. 1024(b)(4) (listing documents required to be furnished). On these facts, the Court refuses to use its discretion to award any damages available under this section.

## Count VI

■ Finally, turning to plaintiff's final count, which alleges civil conspiracy, the

Court must grant defendant's motion to dismiss. Civil conspiracy is not independently actionable. *See Halberstam v. Welch*, 705 F.2d 472, 479 (D.C.Cir.1983); *Weiss v. Gibson*, 610 F.Supp. 609, 611 (D.D. C.1985).

An appropriate Order accompanies this Memorandum Opinion.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendants' motion to dismiss Counts I, II, III, IV, and VI of the complaint and for summary judgment on Count V is granted.

SO ORDERED.