Ronald C. **DENNIS** and Donna L. Dennis, his wife, Plaintiffs,

v.

**BOARD OF TRUSTEES OF the FOOD EMPLOYERS LABOR RELATIONS ASSN. and United Food and Commercial Workers Union Pension Fund, Defendants.**

Civ. A. No. 85–0198.

United States District Court, M.D. Pennsylvania.

Jan. 21, 1986.

W. William Anderson, Menges, Dorion & Snyder, York, Pa., for plaintiffs.

Joseph Semo, Fredrick M. Marx, Seifman, Semo, Slevin & Marcus P.C., Washington D.C., William J. Flannery, Morgan, Lewis & Bockius, Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

Pursuant to Fed.R.Civ.P. 59(e), defendant Board of Trustees has filed a motion to alter or amend our memorandum and order, dated October 25, 1985. The motion is addressed to our sound discretion. *See Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77 (3d Cir.1982); *Florencio Roman, Inc. v. Puerto Rico Maritime Shipping Authority*, 454 F.Supp. 521 (D.P.R.1978). Also pending is plaintiffs' application for clarification of the memorandum. For the reasons set forth below, we grant defendant's motion and deny plaintiffs' application.

The pertinent facts have already been set forth in our previous memorandum. *Dennis v. Board of Trustees of the Food Employers Labor Relations Ass'n*, 620 F.Supp. 572 (M.D.Pa.1985). In that memorandum and order we granted summary judgment in favor of defendant on plaintiffs' claim that it had suspended plaintiff, Ronald C. Dennis's, pension benefits in violation of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* We did not, however, grant defendant judgment on its counterclaim for return of pension benefits paid while Dennis was working elsewhere in violation of the pension plan. We concluded that defendant's demand for a lump sum award violated 29 C.F.R. § 2530.203–3(b)(3) because this subsection permits recoupment of payments made while the employee was engaged in ineligible service only by way of offset of 25% per month once pension benefits are resumed. We also noted that defendant's notice of suspension of benefits violated subsection (b)(4) of the same regulation because it did not state the Board's intention to recoup benefits already paid. In so holding, we rejected defendant's contention that because Dennis has not yet attained normal retirement age, section 2530.203–3 was inapplicable to its suspension of his pension benefits. Defendant now seeks to have us reverse that determi-

nation while apparently abandoning an attempt to reclaim the benefits in a lump sum.

We turn once again to the pertinent provisions of the regulation to determine its applicability to the instant case. Subsection (a), captioned "General," provides as follows:

Section 203(a)(3)(B) of the Act provides that the right to the employer-derived portion of an accrued pension benefit shall not be treated as forfeitable solely because an employee pension benefit plan provides that the payment of benefits is suspended during certain periods of reemployment which occur subsequent to the commencement of payment of such benefits. This section sets forth the circumstances and conditions under which such benefit payments may be suspended. A plan may provide for the suspension of pension benefits which commence prior to the attainment of normal retirement age, or for the suspension of that portion of pension benefits which exceeds the normal retirement benefit, or both, for any reemployment and without regard to the provisions of section 203(a)(3)(B) and this regulation to the extent (but only to the extent) that suspension of such benefits does not affect a retiree's entitlement to normal retirement benefits payable after attainment of normal retirement age, or the actuarial equivalent thereof.

29 C.F.R. § 2530.203–3(a) (1985).

Defendant points out that Dennis's early retirement benefit was $341.50 per month. His normal retirement benefit payable at normal retirement age is also $341.50. The actuarial value of his normal retirement benefit at normal retirement age has therefore not been affected by the suspension of early retirement benefits. Accordingly, the regulation should not have applied.

In discussing a predecessor draft of this regulation the United States Department of Labor commented as follows:

[I]t is the Department's position that a permanent withholding of benefits payable prior to normal retirement age due to the early retiree's return to employment, to the extent that such withholding would affect the integrity of the actuarial equivalent of the normal retirement benefit, may be imposed only in a manner consistent with the requirements of section 203(a)(3)(B) and this regulation. *A plan may, however, interrupt the payment of early retirement benefits on account of an early retiree's return to employment during the period prior to attainment of normal retirement age without complying with such requirements if the integrity of the normal retirement benefit would not be affected* by such action. As stated in footnote 9 to the preamble to the proposed regulation, this would be the case where the affected employee's benefit is actuarially recalculated in order to compensate for benefit payments which were withheld and payment of such recalculated benefits begins no later than normal retirement age. *This would also be the case, as noted by commentators, where for example the early retirement benefit equals the normal retirement benefit,* or where upon attainment of normal retirement age, the participant receives a normal retirement benefit notwithstanding receipt of early retirement benefits. In response to commentators' suggestions, a provision has been added to the final regulation clarifying the applicability of the regulation in the case of an early retiree.

46 Fed.Reg. 8,895 (1981) (footnote omitted) (brackets added) (emphasis added).

In light of the foregoing, we now agree with defendant's position. We reverse our earlier conclusions that defendant's notice of suspension was deficient for failing to comply with subsection (b)(4) of the regula-

tion, and that the offset rules of subsection (b)(3) barred defendant's counterclaim for a lump sum return of benefits previously paid while Dennis was ineligible for pension benefits. Those provisions were inapplicable to defendant's suspension of Dennis's benefits.[1]

ORDER

AND NOW, this 21st day of January, 1986, it is ordered that:

1. Defendant's motion for reconsideration is hereby granted.

2. Our memorandum, dated October 25, 1985, is modified in accordance with the foregoing memorandum.

3. Plaintiffs' application for clarification is hereby denied.

---

1. It follows that plaintiffs' application for clarification of our memorandum of October 25, 1985 must be rejected because it is based upon a conclusion we now reject—that subsection (b)(4) applied to the defendant's notice of suspension to Dennis.

Defendant has not requested that we reverse our summary judgment against it on its counterclaim. Since it now seems content to recoup the payments from future pension benefits until Dennis becomes eligible again, we will not disturb this aspect of our judgment.